UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| TAMBERLY SUE YATES | ) | |
| | ) | |
| V. | ) | NO. 2:09-CV-284 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |

REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge under the standing orders of the Court for a report and recommendation regarding the Motion [Doc. 15] for an award of attorneys fees to the plainitff under the Equal Access to Justice Act ("EAJA"), 28 U. S.C. § 2412(d)(1)(A). The defendant opposes the Motion.

The plaintiff's case was recently remanded by the District Judge to the defendant for further administrative review. In order to be entitled to an award of attorney fees and expenses under the Equal Access to Justice Act, all of the conditions set forth in 28 U.S.C. § 2412(d)(1)(A), (B) must be met. These are that:

(1)   the party seeking the fees is the "prevailing party" in a civil action brought by or against the U.S.,

(2)   an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action,

(3)   the position of the government is not substantially justified and

(4)   no special circumstances make an award unjust.

This was a troublesome case. As noted in the report and recommendation which recommended a remand to the Commissioner, the opinions of the treating physicians were,

at best, only marginally supported by their clinical findings. That being said, they were treating physicians, and the Commissioner chose not to obtain a consultative in-person exam, but relied upon the medical assessments of the non-examining State Agency physicians. While there are relatively rare situations in which the opinion of a State Agency physician or psychologist can provide substantial medical evidence which will stand on its own against the contrary opinions of treating doctors, such as *Combs v. Commissioner of Social Security,* 459 F.3d 640 (6th Cir. 2006), the Court felt that additional medical evaluation was necessary in this case. However, this Court specifically found that the position of the Commissioner was substantially justified. "Substantial justification," however, as pointed out by the Commissioner, does not equate with prevailing in the lawsuit. The ALJ and the Commissioner were not "beyond the pale" in their reasoning and adjudication of plaintiff's claim.

Accordingly, it is respectfully recommended that the plaintiff's Motion for an award of EAJA fees [Doc. 15] be DENIED.[1]

Respectfully recommended:

  s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947-950 (6th Cir. 1981); 28 U.S.C. § 636(b)(1)(B) and (C).